

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Hon. H. L. Roberson
County Attorney
Winkler County
Kermit, Texas

Opinion No. O-4326

Re: Commissioners' Court -
authority to employ utility
man to take care of and
maintain county fire trucks
and related matters.

Dear Sir:

Your request for opinion has been received and carefully
considered by this department. We quote from your request
as follows:

> "Winkler County has a population of 6,141 inhabitants
> in accordance with the last preceding Federal Census,
> in compliance with Article 2351a, Vernon's Civil Statutes,
> the county has the authority to purchase fire fighting
> equipment.
>
> "The Court has purchased and are now using two new fire
> trucks, these fire trucks are being operated by the
> Wink and Kermit voluntary fire departments, along with
> the fire trucks that are owned by Wink and Kermit.
>
> "Our Commissioners' Court wants your opinion as to
> whether or not they have the authority to employ a
> utility man for the care and maintenance of these county
> fire trucks. If so, from what fund would he be paid?
>
> "Article 2351a-1, Vernon's Civil Statutes, allows all
> counties the authority to contract with the city, town
> or villages, located within the county, for fire pro-
> tection and fire fighting equipment. Does the court have
> the authority to contract with the cities on the
> employment of a utility man? the utility man to care for
> and maintain both the city and county fire trucks?
>
> "Your opinion on these questions will certainly be
> appreciated."

Article 2351a, V.A.C.S., referred to by you in your letter
was held unconstitutional as a local or special law, by
opinion No. O-3417 of this department, a copy of which is
enclosed herewith for your information.

Opinion No. O-4300 of this department holds H. B. 262, 47th Legislature of Texas, (Article 2351a-1, V.A.C.S.) to be constitutional and valid. This opinion also holds that fire fighting equipment purchased in compliance with the act should be paid for out of the general fund of the county. A copy of this opinion is enclosed herewith for your information.

We quote from opinion No. O-4256 of this department as follows:

> ". . . The commissioners' court of any county is authorized to enter into contracts with any city, etc. within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the commissioners' court and the governing body of such city, etc. for the use of fire trucks and other fire fighting equipment of the city, town or village, in compliance with Article 2351a-1, supra."

We enclose herewith a copy of said opinion for your information.

You are respectfully advised that it is the opinion of this department:

1. After the purchase of the fire fighting equipment and fire trucks in the manner outlined by Article 2351a-1 it is our opinion that the commissioners' court would have the implied authority to employ a utility man for the care and maintenance of the county fire trucks. It is our further opinion that his salary should be paid from the general fund of the county.

2. It is our further opinion that your last question should be answered in the affirmative and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. Fanning

By

Wm. J. Fanning
Assistant

WJF:FS/cg

APPROVED JAN. 23, 1942
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee, By BWB, Chairman